1  Mark Deatherage (010208)
2  GALLAGHER & KENNEDY, P.A.
3  2575 East Camelback Road
   Phoenix, Arizona 85016-9225
4  Telephone:   (602) 530-8000
   Facsimile:   (602) 530-8500
5  Email:        mark.deatherage@gknet.com
6  Attorneys for Plaintiffs

7              **UNITED STATES DISTRICT COURT**
8                  **DISTRICT OF ARIZONA**

9  BROADCAST MUSIC, INC.; COTILLION
10 MUSIC, INC.; TERRY STAFFORD MUSIC
   CO.; SONY/ATV SONGS LLC d/b/a
11 SONY/ATV TREE PUBLISHING; SONGS OF
   UNIVERSAL, INC.; CYANIDE
12 PUBLISHING; EMI CONSORTIUM SONGS,
13 INC. d/b/a EMI LONGITUDE MUSIC; STEVE
   WARINER MUSIC; BLACKENED MUSIC;
14 SONY ATV SONGS LLC; SUFFER IN
   SILENCE MUSIC; SAMS JAMMIN SONGS;
15 EMI BLACKWOOD MUSIC INC.; WARNER-
16 TAMERLANE PUBLISHING CORP.; LUCKY
   THUMB MUSIC; NOAH'S LITTLE BOAT
17 MUSIC; SEA GAYLE MUSIC LLC d/b/a
18 NEW SONGS OF SEA GAYLE;
   ELDOROTTO MUSIC PUBLISHING; BIG
19 GASSED HITTIES; SPIRIT MUSIC GROUP
20 INC. d/b/a SPIRIT OF NASHVILLE ONE,

21              Plaintiffs,

22
23       v.

24 COWBOYS UP, INC. d/b/a COWBOYS UP, an
25 Arizona corporation; JAY KASSNER; and
   RONALD WELTY,
26
27              Defendants.
28

CIVIL ACTION NO.:

**COMPLAINT**

Gallagher & Kennedy, P.A.
2575 East Camelback Road
Phoenix, Arizona 85016-9225

5388604v1/99-8228

Plaintiffs, for their Complaint against Defendants, allege as follows (on knowledge as to Plaintiffs; otherwise on information and belief):

## JURISDICTION AND VENUE

1. This is a suit for copyright infringement under the United States Copyright Act of 1976, as amended, 17 U.S.C. §§ 101 *et seq.* (the "Copyright Act"). This Court has jurisdiction pursuant to 28 U.S.C. § 1338(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1400(a).

## THE PARTIES

3. Plaintiff Broadcast Music, Inc. ("BMI") is a corporation organized and existing under the laws of the State of New York. BMI's principal place of business is 7 World Trade Center, 250 Greenwich Street, New York, New York 10007. BMI has been granted the right to license the public performance rights in approximately 13 million copyrighted musical compositions (the "BMI Repertoire"), including those that are alleged herein to have been infringed.

4. The Plaintiffs other than BMI are the owners of the copyrights in the subject musical compositions, and are joined pursuant to Fed. R. Civ. P. 17(a) and 19(a).

5. Plaintiff Cotillion Music, Inc. is a corporation, and is the copyright owner of at least one of the songs in this matter.

6. Plaintiff Terry Stafford Music Co. is a sole proprietorship owned by Nancy Hall Stafford, and is a copyright owner of at least one of the songs in this matter.

7. Plaintiff Sony/ATV Songs LLC is a limited liability company doing business as Sony/ATV Tree Publishing, and is a copyright owner of at least one of the songs in this matter.

8. Plaintiff Songs of Universal, Inc. is a corporation, and is a copyright owner of at least one of the songs in this matter.

9. Plaintiff Cyanide Publishing is a partnership owned by Robert Kuykendall, Richard A. Ream, Bruce Johannesson and Bret M. Sychak, and is a copyright owner of at least one of the songs in this matter.

10.    Plaintiff EMI Consortium Songs, Inc. is a corporation d/b/a EMI Longitude Music, and is a copyright owner of at least one of the songs in this matter.

11.    Plaintiff Steve Wariner Music is a sole proprietorship owned by Steve Wariner, and is a copyright owner of at least one of the songs in this matter.

12.    Plaintiff Blackened Music is a sole proprietorship owned by Clint Black, and is a copyright owner of at least one of the songs in this matter.

13.    Plaintiff Sony/ATV Songs LLC is a limited liability company, and is a copyright owner of at least one of the songs in this matter.

14.    Plaintiff Suffer in Silence Music is a sole proprietorship owned by Phillip Wayne Barnhart, and is a copyright owner of at least one of the songs in this matter.

15.    Plaintiff Sams Jammin Songs is a sole proprietorship owned by Samuel Harper Hogin, and is a copyright owner of at least one of the songs in this matter.

16.    Plaintiff EMI Blackwood Music Inc. is a corporation, and is a copyright owner of at least one of the songs in this matter.

17.    Plaintiff Warner-Tamerlane Publishing Corp. is a corporation, and is a copyright owner of at least one of the songs in this matter.

18.    Plaintiff Lucky Thumb Music is a sole proprietorship owned by Cory J. Gierman, and is a copyright owner of at least one of the songs in this matter.

19.    Plaintiff Noah's Little Boat Music is a sole proprietorship owned by Lee Thomas Miller, and is a copyright owner of at least one of the songs in this matter.

20.    Plaintiff Sea Gayle Music LLC is a limited liability company d/b/a New Songs Of Sea Gayle, and is a copyright owner of at least one of the songs in this matter.

21.    Plaintiff Eldorotto Music Publishing is a sole proprietorship owned by James Allen Otto, and is a copyright owner of at least one of the songs in this matter.

22.    Plaintiff Big Gassed Hitties is a sole proprietorship owned by Jamey Van Johnson, and is a copyright owner of at least one of the songs in this matter.

23.    Plaintiff Spirit Music Group Inc. is a corporation doing business as Spirit Of Nashville One, and is a copyright owner of at least one of the songs in this matter.

3

24.     Defendant Cowboys Up, Inc. is a corporation organized and existing under the laws of the state of Arizona, which operates, maintains, and controls an establishment known as Cowboys Up located at 285 N. Apache Trail, Apache Junction, Arizona 85120 in this district (the "Establishment").

25.     In connection with the operation of the Establishment, Cowboys Up, Inc. publicly performs and/or causes musical compositions to be publicly performed.

26.     Cowboys Up, Inc. has a direct financial interest in the Establishment.

27.     Defendant Jay Kassner is an officer of Cowboys Up, Inc. with responsibility for the operation and management of that corporation and the Establishment.

28.     Jay Kassner has the right and ability to supervise the activities of Cowboys Up, Inc. and the Establishment, and has a direct financial interest in them.

29.     Defendant Ronald Welty is an officer of Cowboys Up, Inc. with responsibility for the operation and management of that corporation and the Establishment.

30.     Ronald Welty has the right and ability to supervise the activities of Cowboys Up, Inc. and the Establishment, and has a direct financial interest in them.

## CLAIMS OF COPYRIGHT INFRINGEMENT

31.     Plaintiffs reasserts and incorporates all previous allegations herein.

32.     Since April 2016, BMI has reached out to Defendants over forty (40) times, by phone and mailed letters, in an effort to educate Defendants as to their obligations under the Copyright Act with respect to the necessity of purchasing a license for the public performance of musical compositions in the BMI Repertoire.  Included in the letters were Cease and Desist Notices, providing Defendants with formal notice that they must immediately cease all use and performances of BMI-licensed music in the Establishment.

33.     Plaintiffs allege ten claims of willful copyright infringement, based upon Defendants' unauthorized public performance of musical compositions from the BMI Repertoire.  All of the claims joined herein are governed by the same legal rules and involve similar facts.  Joinder of these claims will promote the convenient administration of justice and will avoid a multiplicity of separate, similar actions against Defendants.

6455475v1/99-8228

34.     Annexed to this Complaint as a schedule (the "Schedule") and incorporated herein is a list identifying some of the many musical composition copyrights Defendants have infringed.  The Schedule contains information on the ten (10) claims of copyright infringement alleged herein.  Each numbered claim has the following eight lines of information (all references to "Lines" are lines on the Schedule): Line 1 provides the claim number; Line 2 states the title of the musical composition related to that claim; Line 3 identifies the writer(s) of the musical composition; Line 4 identifies the publisher(s) of the musical composition and the plaintiff(s) pursuing the claim; Line 5 provides the date on which the copyright registration was issued for the musical composition; Line 6 provides the copyright registration number(s) for the musical composition; Line 7 shows the date(s) of infringement; and Line 8 identifies the establishment where the infringement occurred.

35.     For each work identified on the Schedule, the person(s) named on Line 3 was/were the creator(s) of that musical composition.

36.     For each work identified on the Schedule, on or about the date(s) indicated on Line 5, the publisher(s) named on Line 4 (including any predecessors in interest) complied in all respects with the requirements of the Copyright Act and received from the Register of Copyrights Certificates of Registration bearing the number(s) listed on Line 6.

37.     For each work identified on the Schedule, on the date(s) listed on Line 7, Plaintiff BMI was (and still is) the licensor of the public performance rights in the musical composition identified on Line 2.  For each work identified on the Schedule, on the date(s) listed on Line 7, the Plaintiff(s) listed on Line 4 was/were (and still is/are) the owner(s) of the copyright in the respective musical composition listed on Line 2.

38.     For each work identified on the Schedule, on the date(s) listed on Line 7, Defendants publicly performed and/or caused to be publicly performed at the Establishment the musical composition identified on Line 2, without a license or permission to do so.  Thus, Defendants have committed willful copyright infringement.

39.     The specific acts of copyright infringement alleged in the Complaint, as well as Defendants' entire course of conduct, have caused and are causing Plaintiffs great and

6455475v1/99-8228

incalculable damage.  By continuing to provide unauthorized public performances of works in the BMI Repertoire at the Establishment, Defendants threaten to continue committing copyright infringement.  Unless this Court restrains Defendants from committing further acts of copyright infringement, Plaintiffs will suffer irreparable injury for which they have no adequate remedy at law.

WHEREFORE, Plaintiffs request judgment against Defendants as follows:

A.    Defendants, their officers, agents, servants, employees, and attorneys, all persons acting under their permission and authority, and all persons in active concert or participation with any of them, be enjoined and restrained from infringing, in any manner, the copyrighted musical compositions licensed by BMI, pursuant to 17 U.S.C. § 502;

B.    An award of statutory damages pursuant to 17 U.S.C. § 504(c);

C.    An award of costs and attorney's fees pursuant to 17 U.S.C. § 505; and

D.    Such other and further relief as is just and equitable.

DATED this 29th day of January, 2019.

GALLAGHER & KENNEDY, P.A.


By /s/ Mark Deatherage
    Mark Deatherage
    2575 East Camelback Road, Suite 1100
    Phoenix, Arizona 85016-9225
    Attorneys for Plaintiffs

# *Schedule*

| | | |
|---|---|---|
| Line 1 | Claim No. | 1 |
| Line 2 | Musical Composition | Amarillo By Morning |
| Line 3 | Writer(s) | Terry Stafford; Paul Fraser |
| Line 4 | Publisher Plaintiff(s) | Cotillion Music, Inc.; Nancy Hall Stafford, an individual d/b/a Terry Stafford Music Co. |
| Line 5 | Date(s) of Registration | 8/2/73    4/16/82 |
| Line 6 | Registration No(s). | Eu 423973  PA 139-233 |
| Line 7 | Date(s) of Infringement | 4/23/17 |
| Line 8 | Place of Infringement | Cowboys Up |

---

| | | |
|---|---|---|
| Line 1 | Claim No. | 2 |
| Line 2 | Musical Composition | Bottle Let Me Down a/k/a Tonight The Bottle Let Me Down |
| Line 3 | Writer(s) | Merle Haggard |
| Line 4 | Publisher Plaintiff(s) | Sony/ATV Songs LLC d/b/a Sony/ATV Tree Publishing |
| Line 5 | Date(s) of Registration | 8/3/66      6/2/69 |
| Line 6 | Registration No(s). | Eu 951215    Ep 259181*  *As published in 'The Merle Haggard Song Album' |
| Line 7 | Date(s) of Infringement | 4/23/17 |
| Line 8 | Place of Infringement | Cowboys Up |

---

| Line 1 | Claim No. | 3 |
|---|---|---|
| Line 2 | Musical Composition | Devil Went Down To Georgia a/k/a The Devil Went Down To Georgia |
| Line 3 | Writer(s) | Charles E. (Charlie) Daniels; Tom Crain; William Joel (Taz) DiGregorio; Fred Edwards; Charlie Hayward; James W. Marshall |
| Line 4 | Publisher Plaintiff(s) | Songs of Universal, Inc. |
| Line 5 | Date(s) of Registration | 1/29/79   8/10/79 |
| Line 6 | Registration No(s). | PAu 84-340  PA 42-829 |
| Line 7 | Date(s) of Infringement | 4/23/17 |
| Line 8 | Place of Infringement | Cowboys Up |

| Line 1 | Claim No. | 4 |
|---|---|---|
| Line 2 | Musical Composition | Every Rose Has Its Thorn |
| Line 3 | Writer(s) | Bret Michael Sychak p/k/a Bret Michaels; Bruce Anthony Johannesson p/k/a C.C. DeVille; Robert Harry Kuykendall p/k/a Bobby Dall; Richard Alan Ream p/k/a Rikki Rockett |
| Line 4 | Publisher Plaintiff(s) | Robert Kuykendall, Richard A. Ream, Bruce Johannesson and Bret M. Sychak, a partnership d/b/a Cyanide Publishing |
| Line 5 | Date(s) of Registration | 8/1/88 |
| Line 6 | Registration No(s). | PA 374-492 |
| Line 7 | Date(s) of Infringement | 4/23/17 |
| Line 8 | Place of Infringement | Cowboys Up |

| Line 1 | Claim No. | 5 |
|---|---|---|
| Line 2 | Musical Composition | Free Bird |
| Line 3 | Writer(s) | Allen Collins; Ron Van Zant |
| Line 4 | Publisher Plaintiff(s) | Songs of Universal, Inc.; EMI Consortium Songs, Inc. d/b/a EMI Longitude Music |
| Line 5 | Date(s) of Registration | 12/5/73   7/14/75 |
| Line 6 | Registration No(s). | Eu 450840   Ep 340382 |
| Line 7 | Date(s) of Infringement | 4/23/17 |
| Line 8 | Place of Infringement | Cowboys Up |

| | | |
|---|---|---|
| Line 1 | Claim No. | 6 |
| Line 2 | Musical Composition | Mammas Don't Let Your Babies Grow Up To Be Cowboys |
| Line 3 | Writer(s) | Ed Bruce; Patsy Bruce |
| Line 4 | Publisher Plaintiff(s) | Sony/ATV Songs LLC d/b/a Sony/ATV Tree Publishing |
| Line 5 | Date(s) of Registration | 9/2/75 |
| Line 6 | Registration No(s). | Ep 342279 |
| Line 7 | Date(s) of Infringement | 4/23/17 |
| Line 8 | Place of Infringement | Cowboys Up |

| | | |
|---|---|---|
| Line 1 | Claim No. | 7 |
| Line 2 | Musical Composition | Nothin' But A Good Time |
| Line 3 | Writer(s) | Bret Michael Sychak p/k/a Bret Michaels; Bruce Anthony Johannesson p/k/a C.C. DeVille; Robert Harry Kuykendall p/k/a Bobby Dall; Richard Ream p/k/a Rikki Rockett |
| Line 4 | Publisher Plaintiff(s) | Robert Kuykendall, Richard A. Ream, Bruce Johannesson and Bret M. Sychak, a partnership d/b/a Cyanide Publishing |
| Line 5 | Date(s) of Registration | 8/15/88 |
| Line 6 | Registration No(s). | PA 377-966 |
| Line 7 | Date(s) of Infringement | 4/23/17 |
| Line 8 | Place of Infringement | Cowboys Up |

| | | |
|---|---|---|
| Line 1 | Claim No. | 8 |
| Line 2 | Musical Composition | Nothin' But The Taillights |
| Line 3 | Writer(s) | Steven Noel Wariner; Clint Black |
| Line 4 | Publisher Plaintiff(s) | Steve Wariner, an individual d/b/a Steve Wariner Music; Clint Black, an individual d/b/a Blackened Music |
| Line 5 | Date(s) of Registration | 8/13/97 |
| Line 6 | Registration No(s). | PA 822-453 |
| Line 7 | Date(s) of Infringement | 4/23/17 |
| Line 8 | Place of Infringement | Cowboys Up |

| Line 1 | Claim No. | 9 |
|---|---|---|
| Line 2 | Musical Composition | Broken Wing a/k/a A Broken Wing |
| Line 3 | Writer(s) | James House; Sam Hogin a/ka/ Samuel Harper Hogin; Phil Barnhart a/k/a Phillip Wayne Barnhart |
| Line 4 | Publisher Plaintiff(s) | Sony/ATV Songs LLC; Phillip Wayne Barnhart d/b/a Suffer In Silence Music; Samuel Harper Hogin d/b/a Sams Jammin Songs |
| Line 5 | Date(s) of Registration | 8/14/97 |
| Line 6 | Registration No(s). | PA 780-869 |
| Line 7 | Date(s) of Infringement | 4/23/17 |
| Line 8 | Place of Infringement | Cowboys Up |

---

| Line 1 | Claim No. | 10 | |
|---|---|---|---|
| Line 2 | Musical Composition | In Color | |
| Line 3 | Writer(s) | Jamey Johnson; Lee Thomas Miller a/k/a Lee Thomas; James Otto | |
| Line 4 | Publisher Plaintiff(s) | EMI Blackwood Music Inc.; Warner-Tamerlane Publishing Corp.; Cory J. Gierman d/b/a Lucky Thumb Music; Lee Thomas Miller d/b/a Noah's Little Boat Music; Sea Gayle Music LLC d/b/a New Songs Of Sea Gayle; James Allen Otto d/b/a Eldorotto Music Publishing; Jamey Van Johnson d/b/a Big Gassed Hitties; Spirit Music Group Inc. d/b/a Spirit Of Nashville One | |
| Line 5 | Date(s) of Registration | 10/16/08 | 3/11/09 |
| Line 6 | Registration No(s). | PA 1-640-759 | PA 1-639-958 |
| Line 7 | Date(s) of Infringement | 4/23/17 | |
| Line 8 | Place of Infringement | Cowboys Up | |

---